Stewart, J.
The only error alleged in this case is that the court below sustained a demurrer to plaintiff’s petition, and plaintiff failing to amend, dismissed the cause and rendered judgment for defendants.
The petition alleges in substance that at a meeting of the trustees of Truro .township for the hearing of a petition for the establishment of a township ditch (not petitioned for by plaintiff, but terminating on his land, in the National road) he objected to the location and establishment of the ditch on the line proposed, for the following reasons: First, it was not the natural water-course; second, there was another ditch suitable for the purpose, and third, it would cause him continual and interminable damage. And he threatened the trustees to restrain by injunction the location of the ditch. That “after considering his objections, and to avoid the litigation which he threatened, and to obtain his consent to the location and establishment of said ditch as proposed,” the trustees proposed, “ that so far as said ditch was established upon plaintiff’s land, he (plaintiff) might put tile therein, and should not be required to take and receive from the other lands more water than could conveniently be carried through a five-inch tile, and that any other or greater quantity of water, that should be on or come from said lands, should be directed to pass over and through the said old ditch and natural water-course.”
*567 That he accepted the proposition of the trustees, and agreed to claim no damages on account of the location of the ditch, and that he fulfilled all his part of the agreement. That the defendants, who are successors of the trustees who made this agreement, have violated it, “by allowing more water to flow to plaintiffs lands than a five-inch tile can carry off, and by not causing the surplus water to pass away by the old ditch and natural water-course; and he has suffered and continues to suffer great injury by reason thereof. ” That on March 23, 1885, the defendants served a notice on plaintiff by the township clerk, that they “ had ordered that plaintiff should take up said tile, and that that part of the ditch should be by him cleaned out to its original capacity as established under said petition, being eighteen inches wide at bottom and depth in accordance with the profile of the engineer.” Plaintiff has refused to obey the order on account of the aforesaid agreement, and avers that, “ the trustees are about to sell the work of cleaning the ditch, and levy the cost on his land, to his great and irreparable injury.” The prayer of the petition is, “ that defendants be restrained from interfering with that portion of the ditch, and that they be ordered to fully comply with and perform their duties under the aforesaid agreement.”
This proceeding is, in effect, an attempt on the part of the plaintiff, to compel the defendants to do what, he says, their predecessors agreed with him, under threats, to do, viz.: to see to it, that no more water come down through this ditch than can pass through a five-inch tile at the lower end. In the location and establishment of township ditches, the powers of township trustees are very broad, for “ whenever in their opinion the same will be conducive to the public health, convenience or welfare,” they may “ establish, locate and construct in the manner prescribed by law, any ditch within the township;” 78 O. L., 209, § 4511; but this power is not broad enough to allow them to make a contract such as claimed here, or make it binding upon their successors. In addition to this original power, they have a continuing jurisdiction over the matter, and “ have power to cause any ditch located and constructed by them, to be deepened, widened, enlarged or re *568 paired,” (Rev. Stats., § 4552; 80 O. L., 15); and, “ to order ” the owner of land through which a ditch runs, “ to clean out such ditch to its original capacity within 30 days.” (Rev. Stats., § 4553.) From the allegations of this petition, it appears that everything was regularly done in and about the location and establishment of this ditch, and every step taken in accordance with law. The only power of the trustees to grant permission to box or tile a ditch is limited to those who apply in writing at the time of the hearing of the petition (Rev. Stats., § 4524). There is no allegation that any such written request, or any request, was made by the plantiff. “ The trustees only possess the powers expressly conferred upon them as such officers by the statute, and in the exercise of their powers can take nothing by implicatibn, beyond the authority conferred by statute.” Sutliff, C. J.: Hopple v. Brown Tp., 13 Ohio St., 324.
Nowhere in this statute, or any other, can there be found authority for them to make such an agreement as claimed to have been made here. On the contrary, they are bound in locating and establishing a ditch to so construct it, as that it may subserve the purpose for which it is located. And agreeing to do anything other or less than this, is agreeing that they will not perform the duties imposed upon them by law. And what they cannot legally do themselves, they certainly cannot bind their successors to do. They had the power to locate . or refuse to locate this ditch and prescribe its dimensions; they decided to locate it. But plaintiff says, “ to avoid litigation,” not because of a written request, as required by the statute, they agreed that he might tile a portion of it. They have ordered it cleaned out to its original capacity, and as we view the law, the plaintiff has nothing to do but obey their order. If he was not satisfied with the location of the ditch, he could have taken an appeal (Rev. Stats., § 4533) ; but he chose not to pursue his legal remedy and he ought not now to be allowed to successfully appeal for relief to a court of equity.
It is claimed on behalf of plaintiff in error, that waiving damages by him, furnished a sufficient consideration for this agreement; but we are unable to see either from reason or authority, why the trustees could be paid, any more than they *569 could be driven by threats, to agree not to fulfill their sworn duties at all times and places.
W. H. Dunnick, for plaintiff.
Marriott & Hughes, for defendants.
It follows, therefore, that the judgment of the court below must be affirmed.